IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

- - - - - - - -

| | |
|---|---|
| Pacific Steamex Cleaning Systems, Inc. )<br>    d/b/a Pacific Floorcare )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>International Cleaning Equipment USA LLC )<br>    d/b/a ICE USA LLC, ICE USA, )<br>    and International Cleaning )<br>    Equipment USA )<br>)<br>        Defendant. )<br>_____ ) | Civil Action No.<br><br><br><br><br><br><br>COMPLAINT and JURY DEMAND |

COMPLAINT

Pacific Steamex Cleaning Systems, Inc. hereby complains of International Cleaning Equipment USA LLC and alleges as follows:

THE PARTIES

1. Pacific Steamex Cleaning Systems, Inc. is a corporation organized and existing under the laws of the State of Michigan, registered to do business in the State of Michigan with a registered office at 1218 E. Pontaluna, Spring Lake, MI 49456, and a place of business at 2259 South Sheridan, Muskegon, MI 49442, and is doing business in this District, including under the assumed name "Pacific Floorcare" (hereinafter "Pacific Steamex" or "Plaintiff").

2. Defendant International Cleaning Equipment USA LLC, upon information and belief, is a limited liability company organized and existing under the laws of the State of Michigan, with a registered office at 4242 Blue Star Highway, Holland, MI 49423, and with a place of business at 4252 58th Street, Holland, MI 49423. Upon information and belief, Defendant International Cleaning Equipment USA LLC has filed Certificates of Assumed

Names in Michigan to do business as "International Cleaning Equipment USA", "ICE USA LLC", and "ICE USA" (Defendant International Cleaning Equipment USA LLC is hereinafter referred to as "ICE" or "Defendant").

3. Defendant, upon information and belief, is doing business within the State of Michigan and within the Western District of Michigan, and is engaged in continuous and systematic business within the Western District of Michigan, including directly and/or by the placing of products into the stream of commerce from or targeting the State of Michigan, and conducts and solicits business within this district, including the commission of acts of infringement as hereinafter stated.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§1 et seq. This action also arises under the Federal Declaratory Judgment Act, Title 28 of the United States Code, §§ 2201 and 2202, for a declaration pursuant to the Patent Laws of the United States, 35 U.S.C. §§1 et seq.

5. This Court has jurisdiction in this action under 28 U.S.C. §§1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

## BACKGROUND ALLEGATIONS

6. On June 21, 2016 United States Patent No. 9,370,289 was duly and legally issued to Pacific Steamex for an invention entitled "Floor Scrubber and Scrubber Head." A true and correct copy of United States Patent No. 9,370,289 is attached hereto as Exhibit 1 (hereinafter "the '289 Patent").

7. Pacific Steamex is the owner, by valid assignment, of all right, title, and interest in and to the '289 Patent, including the right to seek remedies and relief for infringement thereof.

2

8. Pacific Steamex manufactures and sells floor scrubbers and scrubber heads that include the patented technology of the '289 Patent, including for example, Pacific Steamex's Models S-20 and S-28 floor scrubbers.

9. Upon information and belief, Defendant has constructive and/or actual knowledge of the '289 Patent. In addition, the filing and Notice of this action and the Complaint in this action provide actual notice to Defendant of the '289 Patent. Defendant thus has notice of the '289 Patent.

10. An actual and justiciable controversy exists between Pacific Steamex and Defendant concerning whether the actions of Defendant infringe, contributorily infringe and/or induce infringement of the asserted patent in suit, namely the '289 Patent.

11. Defendant has marketed and continues to market, and upon information and belief, has imported, used, offered for sale and sold, and continues to import, use, offer for sale, and sell, orbital floor scrubbers with a scrubber head, as well as has offered for sale and sold orbital scrubber heads separately from orbital floor scrubbers as disclosed in Exhibits 2 and 3 attached hereto. Exhibit 2 is a brochure distributed by Defendant for Defendant's model "i20NBT-OB" orbital floor scrubber, with Exhibit 3 being an associated "Operator and Parts Manual" for Defendant's orbital floor scrubber and further disclosing the orbital scrubber head at pages 9 and 32-33.

12. Upon information and belief, including as disclosed in Exhibit 2 and at pages 9 and 32-33 of Exhibit 3, Defendant's orbital floor scrubber includes a base assembly, wheels for movably supporting the floor scrubber, and a scrubber head. Defendant's scrubber head includes a backing plate to which a pad is secured with the pad adapted to being placed in contact with a surface to be cleaned. The scrubber head further includes a motor support to which a motor is

3

mounted with the backing plate being secured to the motor support by a plurality of lower vibration isolator mounts connected to and disposed between the backing plate and the motor support, with the motor is configured to move the backing plate and pad when cleaning a surface. The scrubber head further includes a cover member being secured to the motor support by a plurality of upper vibration isolator mounts connected to and disposed between the motor support and the cover member, with the motor support disposed between the backing plate and the cover member and with the cover member including an opening through which the motor extends. The cover member further includes a pair of wheels with vertically oriented axes of rotations, with an outer perimeter of the wheels partially extending beyond a periphery of the cover member and configured to guide movement of the scrubber head adjacent a vertical surface.

13. Figures 1 to 3 from the '289 Patent are reproduced below. An image of Defendant's i20NBT-OB floor scrubber is also reproduced below, along with an image of Defendant's orbital scrubber head from page 9 of Exhibit 3. Defendant's "Operator and Parts Manual" of Exhibit 3 includes the notation of "Isolators (8)". The remaining notations are added in the below image of Defendant's orbital scrubber head for reference to the claim limitations of the '289 Patent.



FIG. 1

**U.S. Pat. No. 9,370,289**



**U.S. Pat. No. 9,370,289**



**Defendant's i20NBT-OB Orbital Floor Scrubber[1]**

---

[1] The image of Defendant's i20NBT-OB orbital floor scrubber is taken from Defendant's website at http://ice4usa.com/product/i20ntb-ob-orbital-scrubber/

5



**Defendant's Orbital Scrubber Head**

COUNT I
Infringement of United States Patent No. 9,370,289

14. Plaintiff incorporates and reasserts paragraphs 1-13 herein by reference.

15. Defendant, on information and belief, is infringing United States Patent No. 9,370,289 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating and embodying the patented invention of the '289 Patent, including orbital scrubber heads and scrubber machines with orbital scrubber heads, such products including by way of example and without limitation, the model i20NBT-OB orbital floor scrubber and the scrubber head for the model i20NBT-OB orbital floor scrubber. Upon information and belief Defendant has engaged in acts of direct infringement by itself and through agents acting in combination, such agents including for example and without limitation, companies manufacturing orbital scrubber heads and scrubber machines outside of the U.S. and importing such products into the U.S. for on behalf of Defendant.

16. Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '289 Patent, Defendant is offering to sell, and has provided, its orbital scrubber head separate from a floor scrubber to third parties for use in infringing claims of the '289 Patent, such third parties including for example and without limitation, customers of Defendant. Use by third parties of the aforesaid orbital scrubber head obtained from or through Defendant, upon information and belief, directly infringes the '289 Patent and Defendant's continued activities after notice constitute inducement of infringement by Defendant of United States Letters Patent No. 9,370,289.

17. Upon information and belief, Defendant manufactures, imports, sells, and/or offers to sell Defendant's orbital scrubber head separate from a floor scrubber with knowledge and/or reckless disregard amounting to knowledge that its orbital scrubber head constitutes a material part of the invention of the '289 Patent and that are specially made or specially adapted for use in the infringement of the '289 Patent, and Defendant's orbital scrubber head is not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendant constitute direct infringement and continued activities after notice constitute contributory infringement of United States Letters Patent No. 9,370,289, including for example and without limitation contributory infringement by third party customers of Defendant utilizing Defendant's orbital scrubber heads.

18. Upon information and belief, Defendant's continued infringement, contributory infringement, and inducement of infringement is willful.

19. Despite any statement to the contrary, upon information and belief, Defendant will continue to infringe, contributorily infringe and induce the infringement of the '289 Patent unless enjoined by this Court.

20. Upon information and belief, Defendant's infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

21. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendant.

22. Plaintiff has been damaged by past activities of Defendant, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

23. In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants are infringing, contributorily infringing, and inducing infringement of the '289 Patent.

WHEREFORE, Plaintiff Pacific Steamex demands that judgment be entered in its favor against Defendant, as follows:

A. Entering an order determining and/or declaring that Defendant infringes, contributorily infringes and induces infringement of the '289 Patent.

B. Permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with them, and each of them, from further manufacture, importation, sale, offer for sale, and/or use of an apparatus which infringes, contributorily infringes, or induces infringement of the '289 Patent.

C. Permanently enjoining Defendant, their officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with it, and each of them, from further acts of infringement of the '289 Patent.

D. Ordering an accounting.

E. Awarding damages adequate to compensate Plaintiff for Defendant's infringement, contributory infringement, and inducement of infringement of the '289 Patent.

F. Increasing the damages up to three times the amount found or assessed for Defendant's willful acts of infringement.

G. Awarding prejudgment interest and costs.

H. Finding this to be an exceptional case and awarding reasonable attorney's fees to Plaintiff.

I. Such other and further relief as is necessary and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury in this action.

Dated: June 23, 2016

/s/ Terence J. Linn
Terence J. Linn (P-33449)
Karl T. Ondersma (P-68028)
Gardner, Linn, Burkhart & Flory, LLP
2851 Charlevoix Drive SE, Suite 207
Grand Rapids, Michigan 49546
(616) 975-5500
linn@glbf.com
ondersma@glbf.com
Attorneys for Plaintiff OPS Solutions LLC